IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. FAMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-00158-CV-RK |
| | ) | |
| LOGAN D. GREEN, CO-FOUNDER AND CHIEF EXECUTIVE OFFICER, LYFT, INC.; AND LYFT, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is Defendants Logan D. Green and Lyft, Inc. ("Defendants")' Motion to Compel Arbitration. (Doc. 13.) Plaintiff William Fambrough ("Plaintiff") filed a motion for oral argument to stay arbitration. (Doc. 15.)[1] The motions are fully briefed. (Docs. 13, 15, 17.) After careful consideration, Plaintiff's request for oral argument to stay arbitration is **DENIED** and Defendants' Motion to Compel Arbitration is **GRANTED in part** and **DENIED in part**.

## Background

Lyft, Inc. ("Lyft") is a two-sided marketplace platform (the "Lyft Platform") that uses a mobile phone application to connect passengers who need rides with drivers who are willing to provide them. Plaintiff was a driver who had access to and used the Lyft Platform within Missouri and Kansas.

Plaintiff filed his Complaint with this Court on March 5, 2019, alleging violations of 42 U.S.C. § 1983. (Doc. 4.) Plaintiff's allegations arise out of Lyft's suspension of Plaintiff's privilege to drive for Lyft. (*Id.*) Defendants argue Plaintiff's claims are governed by an arbitration agreement (the "Agreement"), signed by Plaintiff on multiple occasions. The Agreement states,

> **PLEASE BE ADVISED: THIS AGREEMENT CONTANS PROVISIONS THAT GOVERN HOW CLAIMS YOU AND LYFT HAVE AGAINST EACH OTHER CAN BE BROUGHT (SEE SECTION 17 BELOW). THESE PROVISIONS WILL, WITH LIMITED EXCEPTION, REQUIRE YOU TO SUBMIT CLAIMS YOU HAVE AGAINST LYFT TO BINDING AND**

---

[1] The Court construes Plaintiff's motion for oral argument as a response to Defendant's Motion to Compel Arbitration as well as a request for oral argument.

**FINAL ARBITRATION ON AN INDIVIDUAL BASIS, NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY CLASS, GROUP OR REPRESENTATIVE ACTION OR PROCEEDING. AS A DRIVER OR DRIVER APPLICANT, YOU HAVE AN OPPORTUNITY TO OPT OUT OF ARBITRATION WITH RESPECT TO CERTAIN CLAIMS AS PROVIDED IN SECTION 17.**

(Doc. 13-3, Ex. A.) Plaintiff was required to accept these terms before having access to the Lyft Platform. (*See* Doc. 13-3.) Plaintiff agreed to and accepted these terms on multiple occasions. (Doc. 13-2; Doc. 15.) Plaintiff makes two arguments for why arbitration should not be compelled: the Agreement was entered into under duress and Plaintiff's claims are not covered by the Agreement. The Court finds both arguments to be without merit.

## Discussion

Section 2 of the Federal Arbitration Act (FAA), its primary substantive provision, states: "A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under § 3, a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3). "Under § 4, a party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Id.* (quoting 9 U.S.C. § 4). "These provisions reflect both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *Driver v. BPV Mkt. Place Inv'rs, L.L.C.*, No. 4-17-cv-1607-CAS, 2018 WL 3363795, *4 (E.D. Mo. July 10, 2018) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ) (other citation and internal quotation marks omitted).

"Because arbitration is a matter of contract, whether an arbitration provision is valid is a matter of state contract law, and an arbitration provision may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability[.]" *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (citations and internal quotation marks omitted). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Torres*, 781 F.3d at 968

2

(citing *Faber v. Menard*, 367 F.3d 1048, 1052 (8th Cir. 2004). When presented with a motion to compel arbitration, the Court's role is limited to two inquiries: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of the agreement." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016) (citation and quotation mark omitted). "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Driver*, 2018 WL 3363795, at *4 (citation and quotation marks omitted).

Parties may also "agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center*, 561 U.S. at 68-69 (citations omitted). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* at 70. Agreements to arbitrate gateway issues are often called delegation provisions. *See Id.* at 71.

### I. The Delegation Provision in the February 6, 2018 Terms is Valid and Enforceable

Defendants moves the Court to dismiss this case as all the claims are subject to arbitration. In support, Defendants argue the parties agreed to a valid arbitration provision, located in the February 6, 2018 Terms of Service, which control Plaintiff's claims. Defendants further argue the arbitration agreement includes a delegation provision requiring gateway issues of arbitrability to be decided by an arbitrator. (Doc. 13-1.) Plaintiff argues the agreement is invalid due to duress and that his claims fall within exceptions to the arbitration provision. "There are two types of validity challenges under § 2" of the FAA:

> One type challenges specifically the validity of the agreement to arbitrate, and [t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.

*Rent-A-Center*, 561 U.S. at 68-69 (internal quotation marks omitted) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006)). "[O]nly the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable." *Id.* "That is because § 2 states that a 'written provision' 'to settle by arbitration a controversy' is 'valid,

3

irrevocable, and enforceable' *without mention* of the validity of the contract in which it is contained." *Id.* at 70 (emphasis in original). Therefore, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Id.* "Accordingly, unless [a party] challenge[s] the delegation provision specifically, [courts] must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." *Id.* at 72.

Here, the Agreement states, "[a]ll disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) shall be decided by the arbitrator, except as expressly provided below." (Doc. 13-3, Ex. A.) The Agreement further provides, "[a]ny arbitration conducted pursuant to this Arbitration Agreement shall be administered by the American Arbitration Association ("AAA") pursuant to its Consumer Arbitration Rules that are in effect at the time the arbitration is initiated." (*Id.*) The AAA Consumer Rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Rule 14(a) of the AAA Consumer Arbitration Rules, *available* at https://www.adr.org/Rules.

"If the party resisting arbitration does not challenge the enforceability of a delegation provision, 'the only question for a court faced with a motion to compel arbitration is whether the delegation provision clearly and unmistakably delegated authority to the arbitrator to determine issues of arbitrability.'" *Driver v. BPV Market Place Investors, L.L.C.*, 2018 WL 3363795, at *5 (E.D. Mo. July 10, 2018) (quoting Dotson v. Dillard's, Inc., 472 S.W.3d 599, 605-06 (Mo. App. 2015) ("Dotson never raised any challenge below to the delegation provision itself; though he challenged the validity and enforceability of the arbitration agreement, as a whole, he never suggested that the delegation provision either failed to clearly and unmistakably grant authority to the arbitrator to determine arbitrability of the issues or that it was otherwise unenforceable.")).

Here, Plaintiff has made no challenge to the delegation provision; rather, Plaintiff merely argues the Agreement is unenforceable due to duress and that the Agreement does not apply to his claims. Rather, the question of arbitrability is clearly and unmistakably delegated to the arbitrator per the plain language of the Agreement and the incorporation of the AAA Rules. (Doc. 13-3, Ex. A.) Therefore, any dispute about the validity of the Agreement as a whole, including its formation, is for the arbitrator, not the Court. *See Driver*, 2018 WL 3363795, at *5-8; *State ex rel. Pinkerton*,

531 S.W.3d at 51 (holding that the trial court did not err in ordering the parties to arbitrate threshold issues, including issues of contract formation, where a similar AAA jurisdictional rule was incorporated into the agreement and no meritorious challenge was lodged specific to the delegation provision).

Because Plaintiff does not challenge the delegation provision specifically, the Court must treat it as valid under § 2 of the FAA and enforce it according to its terms. As provided by the plain language of the Agreement and the incorporation of the AAA Rules, the arbitrator has exclusive authority to resolve Plaintiff's challenges to the validity of the Agreement as a whole. This includes Plaintiff's claims that the Agreement was entered into under duress and that his claims are excluded from the Agreement. The Court must therefore enforce the delegation provision's terms and leave Plaintiff's challenges to the arbitrator for determination. *M.A. Mortenson Co. v. Saunders Concrete Co., Inc.*, 676 F.3d 1153, 1158 (8th Cir. 2012) ("[a]ny challenge to the validity of the contract as a whole 'should … be considered by an arbitrator, not a court.'")

## II. Plaintiff's Claims are Stayed Pending Arbitration

Under § 3 of the FAA, courts are required to stay an action pending arbitration, rather than dismiss it. *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3). Pursuant to a judicially-created exception to this general rule, "courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 769-70. As in *Green*, here, the question of arbitrability will be determined by the arbitrator. The arbitrator may determine that the parties did not form a valid arbitration agreement or that Plaintiff's claims are excluded. Then, Plaintiff's claims would be properly submitted to the Court. Given it is not clear that the entire controversy between the parties will be resolved by arbitration, the Court will stay, and not dismiss, Plaintiff's claims.

## III. Oral Argument is Unnecessary

In his Motion for Oral Argument, Plaintiff requested the Court to order oral arguments regarding Defendants' Motion to Compel Arbitration. (Doc. 15.) The parties have provided sufficient briefing in support of their positions. As such, oral arguments are not necessary for the Court to render a decision. Therefore, Plaintiff's Motion for Oral Argument will be denied.

## Conclusion

For the reasons above, the Court concludes that Defendants have met their burden to prove the existence of a valid and enforceable arbitration agreement. Because the parties have agreed to arbitrate gateway questions of arbitrability per the delegation provision in the Agreement, Plaintiff's challenges to the Agreement are for the arbitrator to determine. Oral argument is not necessary to render a decision, and thus, Plaintiff's request for oral arguments (Doc. 15) is **DENIED**. Defendants' Motion to Compel Arbitration (Doc. 13) is **GRANTED in part** and **DENIED in part**. Specifically, Defendants' Motion to Compel Arbitration is **GRANTED**, and the case is stayed pending arbitration.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 26, 2019